# MANDATE

USDC (New Haven)
01-cv-1298
Underhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
JAN 9  2 34 PM '04
U.S DISTRICT COURT
NEW HAVEN, CONN.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE
ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT
STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR
PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of
Appeals for the Second Circuit, held at the Thurgood
Marshall United States Courthouse, Foley Square, in the
City of New York, on the 15th day of September, two
thousand and three.

PRESENT: HON. RICHARD J. CARDAMONE,
         HON. DENNIS JACOBS,
         HON. ROSEMARY S. POOLER,

                    Circuit Judges.



- - - - - - - - - - - - - - - - - -X
MARTY CALDERON,

       Plaintiff-Appellant,

       -v.-                                    02-9389

YALE UNIVERSITY, et al.,

       Defendants-Appellees.
- - - - - - - - - - - - - - - - - -X

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
   DEPUTY CLERK

ISSUED AS MANDATE   JAN -5 2004

APPEARING FOR
PLAINTIFF-APPELLANT:        MARTY CALDERON, Norwalk, CT,
                            pro se.

APPEARING FOR
DEFENDANTS-APPELLEES:       PATRICK NOONAN, Delaney,
                            Zemetis, Donahue, Durham &
                            Noonan, P.C., Guilford, CT.

    Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

    Marty Calderon appeals from a judgment entered in the United States District Court for the District of Connecticut (Underhill, J.) dismissing claims under §§ 1981, 1983, 1985, Titles VI and VII of the Civil Rights Act of 1964, the Equal Pay Act (29 U.S.C. § 206(d)), the Fair Labor Standards Act (29 U.S.C. § 215(a)(3)), the National Labor Relations Act (29 U.S.C. § 158(a)), the Violence Against Women Act (42 U.S.C. § 13981)), state anti-discrimination laws and state tort law. We affirm for substantially the reasons stated on the record by the district court.

    1. The Violence Against Women Act, 42 U.S.C. § 13981, is unconstitutional. See United States v. Morrison, 529 U.S. 598 (2000).

    2. As to the retaliation claim and the state law-toxic tort claim: we review the district court's grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party. Kavowras v. New York, 128 F.3d 50, 54 (2d Cir. 2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Although Calderon asserts that defendants "blacklisted" her from obtaining further employment in retaliation for filing a Title VII claim, she proffered no evidence to refute defendants' affidavit stating that they never notified any prospective employers about Calderon. Nor has Calderon provided any evidence linking her breast lumps to asbestos exposure. "[M]ere conclusory allegations,

speculation or conjecture will not avail a party resisting summary judgment." <u>Conroy v. New York State Dep't of Correctional Servs.</u>, 333 F.3d 88, 94 (2d Cir. 2003)(internal quotation marks and citation omitted). In addition, any failure to apprise Calderon of the consequences of not responding to a motion for summary judgment was harmless in light of Calderon's acknowledgment that she understood the nature and consequences of such a motion. <u>M.B. v. Reish</u>, 119 F.3d 230, 232 (2d Cir. 1997).

3. We review <u>de novo</u> the district court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, taking all facts alleged in the complaint as true and drawing all inferences in favor of the plaintiff. <u>Sweet v. Sheahan</u>, 235 F.3d 80, 83 (2d Cir. 2000). The district court gave plaintiff multiple opportunities to amend her complaint in order to avoid dismissal. But plaintiff has failed to allege facts necessary to state her remaining claims brought under federal and state law.

4. As to the claim under the Connecticut Human Rights Law Preventing Deprivation of Property, Conn. Gen. Stat. § 46a-58(a), it appears that the district court exercised its discretion to forego the exercise of supplemental jurisdiction. That was no abuse of discretion.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Oliva M. George, Deputy Clerk